**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-23071-BLOOM/Elfenbein**

LYNETTE REESE,

Plaintiff,

v.

PRINCESS CRUISE LINES, LTD.,
*d/b/a* Carnival Cruise Lines,

Defendant.
_____________________________/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Princess Cruise Lines' ("Princess") Motion to Dismiss Plaintiff's Amended Complaint ("Motion"), ECF No. [30]. Plaintiff Lynette Reese ("Reese") filed a Response in Opposition ("Response"), ECF No. [37], and Princess filed a Reply in Support ("Reply"), ECF No. [38]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I. BACKGROUND

Reese and her husband, William, were fare-paying passengers aboard the *Caribbean Princess*, a Vessel operated by Princess. ECF No. [1] ¶¶ 7, 8, 10. On May 6, 2025, Reese and her husband went to the Vessel's main breakfast buffet on the pool deck. *Id.* ¶ 11. Reese approached the breakfast buffet entrance while it was lightly raining. *Id.* ¶ 12. The route into the dining area required passengers to walk past the pool, cross an exterior mat, pass through a first set of automatic sliding double doors, traverse a short, tiled vestibule, and then pass through a second set of double doors into the dining area. *Id.* ¶ 13. The exterior mat immediately before the first set of

doors was saturated with water. *Id.* ¶ 14. The vestibule and adjoining dining-area floor were finished with smooth tile. *Id.* ¶ 15. Rainwater and moisture had accumulated on the tile in the ordinary path passengers were required to use to enter breakfast service. *Id.* The water was clear and present in an area on the tile, though not readily apparent to a passenger approaching the dining area in an ordinary manner. *Id.* ¶ 16. No warning sign, cone, barricade, verbal warning, or other warning device was present before Reese encountered the wet tile. *Id.* ¶ 17. As Reese traversed the tiled entrance area, her foot unexpectedly lost traction on the wet tile. *Id.* ¶ 19. Reese struck the floor and sustained injuries to her neck, back, left wrist, left hip, knees, and other parts of her body. *Id.* ¶ 20. A male crew member, whom Reese understood to be performing housekeeping or janitorial functions, and another passenger assisted Reese after the fall. *Id.* ¶ 21.

On July 13, 2026, Reese filed an Amended Complaint in which she asserts two Counts against Princess: (Count I) Negligent Failure to Inspect, Maintain, and Correct; and (Count II) Negligent Failure to Warn. *See* ECF No. [21]. Princess moves to dismiss the Amended Complaint, arguing Reese has failed to plead either actual or constructive notice. ECF No. [30]. Reese responds that the Amended Complaint alleges constructive notice, as the pleaded facts support a reasonable inference of duration and discoverability. ECF No. [37].

## II. LEGAL STANDARD

### A. Motion to Dismiss

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

Further, a complaint may not rest on naked assertions devoid of further factual enhancement, stopping the claim short of the line between possibility and plausibility of entitlement to relief. *Iqbal*, 556 U.S. at 678. If the elements of the claims asserted are satisfied by the allegations, a defendant's motion to dismiss must be denied. *Twombly*, 550 U.S. at 556. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

**B. General Maritime Law**

In analyzing a maritime tort case, courts rely on general principles of negligence law. *Chaparro*, 693 F.3d at 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). The elements of a negligence claim based on a shipowner's direct liability for its own negligence are well settled: "a plaintiff must allege that (1) the defendant had a duty to

protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014) (quoting *Chaparro*, 693 F.3d at 1336). "Each element is essential to [a p]laintiff's negligence claim and [a p]laintiff cannot rest on the allegations of her complaint in making a sufficient showing on each element for the purposes of defeating summary judgment." *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1236–37 (S.D. Fla. 2006).

Moreover, a "cruise-ship operator 'is not liable to passengers as an insurer, but only for its negligence.' The mere fact of an accident-causing injury is insufficient to establish that a dangerous condition existed." *D'Antonio v. Royal Caribbean Cruise Line, Ltd.*, 785 F. App'x 794, 796-97 (11th Cir. 2019) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)); *see also Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) ("Generally, ship owners and operators do not owe a heightened or special duty of care to their passengers." (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S. Ct. 406, 3 L.Ed.2d 550 (1959)), *aff'd*, 679 F. App'x 981 (11th Cir. 2017). Rather, "under maritime law, the owner of a ship in navigable waters owes passengers a duty of reasonable care under the circumstances." *Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015).

To establish the owner of a ship in navigable waters breached its duty of care under a theory of direct liability, a plaintiff must show: "(1) a dangerous condition existed; (2) the vessel's operator had actual notice of the dangerous condition; or (3) if there was no actual notice, that defendant had constructive notice of the dangerous condition for an interval of time sufficient to allow the vessel's operator to implement corrective measures." *Stewart v. Carnival Corp.*, 365 F. Supp. 3d 1272, 1275 (S.D. Fla. 2019) (quoting *Reinhardt v. Royal Caribbean Cruises, Ltd.*, No.

1:12-cv-22105, 2013 WL 11261341, at *4 (S.D. Fla. Apr. 2, 2013)).

In contrast, when a plaintiff asserts a claim of vicarious liability, there is no need to establish that a carrier had actual or constructive notice of the risk-creating condition because "a shipowner's duty to a plaintiff is not relevant[.]" *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022). Indeed, "[w]hen the tortfeasor is an employee, the principle of vicarious liability allows 'an otherwise non-faulty employer' to be held liable 'for the negligent acts of that employee acting within the scope of employment[,]'" because "liability for the agent's negligence is legally imputed to the non-negligent principal." *Id.* (quoting *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1121 (11th Cir. 2011) (citing *Meyer v. Holley*, 537 U.S. 280, 285–86 (2003)).

## III. DISCUSSION

### A. Notice

Princess argues the Amended Complaint should be dismissed because Reese relies on a conclusory allegation of constructive notice. ECF No. [30] at 6. Princess contends Reese only makes boilerplate allegations that the entrance was heavily used and that passengers had to cross a saturated mat to walk onto the tile. Princess further contends that Reese mistakenly conflates foreseeability with notice and that Reese's argument is "'akin to saying that [a cruise line] is on notice of every puddle everywhere on every one of its ships.'" *Id.* at 7 (quoting *J.F. v. Carnival Corp.*, 141 F.4th 1164, 1171 (11th Cir. 2025)).

Reese responds that Princess' Motion relies on a "category error." ECF No. [37] at 1. Reese argues she does not need to allege of a particular wet surface but must allege that the cruise line had notice that the area where she fell had a reasonable tendency to become wet and slippery. *Id.* at 4-5. Reese cites to *Brady v. Carnival Corp.*, in which the Eleventh Circuit held that the notice requirement for liability turned more broadly on whether the carrier had notice that the area where the passenger fell had a reasonable tendency to become wet and whether the carrier had actual or

constructive knowledge that the area where the passenger fell could be slippery, and therefore dangerous, when wet. *See* 33 F.4th 1278, 1282 (11th Cir. 2022). Reese contends she has pleaded descriptive facts which establish the length of time in which the dangerous condition existed. She alleges that "[t]he exterior mat immediately before the first set of doors was saturated with water[,]" meaning it had retained substantial water before her arrival, and that "[r]ainwater and moisture had accumulated on the tile in the ordinary path passengers were required to use to enter breakfast service." ECF No. [21] ¶¶ 14, 15.

A plaintiff can establish constructive notice through two means. First, with evidence that the "hazard having been present for a period of time so lengthy as to invite corrective measures." *Holland*, 50 F.4th at 1095 (quoting *Keefe*, 867 F.2d at 1322). Alternatively, a plaintiff can allege "substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior incident.'" *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Jones v. Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988)). While "[a] slip-and-fall plaintiff may prove constructive knowledge through circumstantial evidence," the plaintiff's allegations must still be sufficiently specific to allow the court to make a reasonable inference that the claims are plausible. *Hostert v. Carnival Corp.*, Case No. 21-cv-23701, 2024 WL 68292, at *4 (S.D. Fla. Jan 5, 2025).

Reese attempts to establish notice with allegations that the hazard was present for a length of time sufficient to invite corrective measures. Princess cites to *Holland v. v. Carnival Corp.*, in which the Eleventh Circuit reaffirmed the principle that, "to survive [a] motion to dismiss" the plaintiff must "plead sufficient facts to support each element of his claim, including that [the defendant] had actual or constructive notice about the dangerous condition." 50 F.4th at 1095. In *Holland*, the plaintiff cruise-passenger filed suit against Carnival, alleging he was injured when he

slipped and fell while descending a glass staircase in a highly trafficked area of the ship. Holland alleged facts that made it possible that the cruise line had notice of the allegedly dangerous condition, but he failed to provide factual allegations that plausibly suggested the cruise line had notice, actual or constructive, of the dangerous condition. "Simply put, Holland's allegations [did] not cross the line from possibility to plausibility of entitlement to relief." *Id*. at 1096 (citing *Iqbal*, 556 U.S. at 678). Similarly, in *Newbauer v. Carnival Corp.*, the plaintiff "failed to include any factual allegations that were sufficient to satisfy the pleading standard set forth in *Iqbal* and *Twombly* such that it is facially plausible that Carnival had actual or constructive notice . . . of the wet substance on the deck because it was in a 'high traffic dining area.'" *Id*. at 935-36.

The Court finds Reese's allegations sufficient and distinguishable from those allegations in *Holland* and *Newbauer* that the hazard was present for a length of time as to invite corrective measures. The plaintiff in *Holland* required an "inferential leap" from the allegation of a "highly visible and well-trodden" staircase to the conclusion that the "hazard existed for a sufficient length of time." 50 F.4th at 1096. The allegation in *Newbauer* that the condition "existed for a sufficient period of time" was conclusory and "failed to allege any facts suggesting the amount of time the hazard existed," and was therefore not "sufficient to satisfy the pleading standard [ ] in *Iqbal* and *Twombly*." 26 F.4th at 935-36. Here, however, Reese has alleged more than mere conclusory allegations that the hazard was present for a length of time as to invite corrective measures. Reese alleges that passengers were *required* to travel from an exposed pool-deck area, across a saturated mat, through automatic doors to breakfast service. ECF No. [21] ¶ 28. Reese alleges "it was lightly raining" and that the mat was "saturated," creating the reasonable inference that water had accumulated on the mat over time, rather than a sudden downpour. *Id.* ¶¶ 12, 14. Reese alleges that passengers were required to travel across this saturated mat onto smooth interior tile which

caused the rainwater and moisture to accumulate. *Id.* ¶¶ 15, 28. In sum, Reese has alleged sufficient factual allegations to establish that Princess had constructive notice of the hazardous condition.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Princess' Motion to Dismiss Plaintiff's Amended Complaint, **ECF No. [30]**, is **DENIED**.
2. Princess shall file an **Answer to the Amended Complaint by November 6, 2026**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 26, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record